UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LORETTA HILLWARE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-2964 c/w 15-1025** |
| **NEW ORLEANS SAINTS, ET AL.** | **SECTION: "S" (4)** |

**ORDER**

**IT IS HEREBY ORDERED** that the Motions Compel Arbitration filed by defendants, Tom Benson, Dennis Lauscha, Vicky Neumeyer, Michael Stanfield, and Derek Henderson (Docs. #20 & 25), are **GRANTED** as unopposed, and plaintiff is ordered to submit her claims against them to binding arbitration.[1] This matter is hereby **STAYED** and **ADMINISTRATIVELY CLOSED** pending the arbitration.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by defendants, the National Football League, Roger Goodell and Jay Bauman (Doc. #26) is **GRANTED**, and plaintiff's claims against them are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Arbitration of her claims against the National Football League, Roger Goodell and Jay Bauman (Doc. #30) is **DISMISSED AS MOOT**.

---

[1] Defendants Tom Benson, Dennis Lauscha, Vicky Neumeyer, Michael Stanfield, and Derek Henderson filed two Motions to Compel plaintiff to submit her claims against them to binding arbitration (Docs. #20 & 25). The first relates to plaintiff's complaint, and the second relates to plaintiff's amended complaint. They have demonstrated that they had a binding arbitration agreement with plaintiff. "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." AT&T Techs., Inc. v. Commc'ns Workers of Am., 106 S.Ct. 1415, 1419 (2003). Plaintiff filed a notice of non-opposition to these motions (Doc. #28). Thus, these motions are GRANTED as unopposed.

**BACKGROUND**

This matter is before the court on a motion to dismiss filed by defendants, the National Football League ("NFL"), Roger Goodell and Jay Bauman.

Plaintiff, Loretta Hillware, proceeding pro se,[2] filed this action against the NFL, Roger Goodell, Jay Bauman, Tom Benson, Vicky Neummeyer, Michael Stanfield, and Derek Henderson in the United States District Court for the Southern District of New York.  After reviewing Hillware's complaint, Chief United States District Judge Loretta A. Preska determined that Hillware alleged "that her former employer, the New Orleans Saints Football Club ("Saints"), subjected her to discrimination on the basis of her sex[,]" and the court construed Hillware's "claims as arising under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17."  On December 11, 2014, the court transferred Hillware's suit to the United States District Court for the Eastern District of Louisiana, and it was assigned Civil Action Number 14-2964.  Thereafter, Hillware filed an amended complaint.

On November 12, 2014, Hillware filed an identical action in the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana, and then filed the same amended complaint in that action.  The only difference is that she named the New Orleans Saints as a defendant in the state court action.  On April 2, 2015, New Orleans Louisiana Saints, LLC removed that action to the

---

[2] Because plaintiff is proceeding pro se, the court must construe her pleadings liberally. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).  However, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

United States District Court for the Eastern District of Louisiana. It was assigned Civil Action Number 15-1025. The two identical actions have been consolidated.

The NFL, Goodell and Bauman moved to dismiss Hillware's claims against them. Goodell and Bauman argue that Hillware failed to state any claims against them because their names are not mentioned anywhere in the complaint or amended complaint. The NFL argues that Hillware has not stated a claim against it because she alleges sex and race discrimination claims related to her employment with the New Orleans Saints, which is a separate entity from the NFL. The NFL also argues that Hillware failed to properly state a claim for failure to hire because she did not specify the positions for which she applied with the NFL or demonstrate that the positions were filled by someone outside the protected class. Hillware did not file an opposition to this motion.

## ANALYSIS

**A.      Rule 12(b)(6) of the Federal Rules of Civil Procedure**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most

favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50. In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).

**B.     Rule 8(a)(2) of the Federal Rules of Civil Procedure**

Rule 8(a)(2) of the Federal Rules of Civil Procedure states that pleadings must contain a short and plain statement of the claim showing that the pleader is entitled to relief. To comply with Rule 8(a)(2) a plaintiff does not need to plead specific facts, but only "'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007) (quoting Conley v. Gibson, 78 S.Ct. 99, 103 (1957)). Further, if a complaint alleges facts upon which relief can be granted, the form is not important, even if it does not correctly categorize the legal theory giving rise to the claim. Peavy v. WFAA-TV, Inc., 221 F.3d 158, 167 (5th Cir. 2000) (citing Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 604 (5th Cir. 1981)).

**C.     Hillware's Complaint**

**1.  Goodell and Bauman**

Goodell and Bauman are named as defendants in the caption of Hillware's complaint. However, Hillware does not mention Goodell or Bauman in the body of her complaint or amended complaint. Thus, she has not made a plain statement of a claim against Goodell or Bauman showing that she is entitled to relief against them in compliance with Rule 8(a)(2) of the Federal Rules of Civil Procedure, and Goodell and Bauman's motion to dismiss is GRANTED.

### 2. The NFL

Hillware's complaint and amended complaint appear to assert two claims against the NFL. She alleges that the NFL engaged in sex and race discrimination with respect to the termination of Hillware's employment with the New Orleans Saint. The other claim is that the NFL engaged in sex and race discrimination by failing to hire Hillware.

#### a. Hillware's Termination from the New Orleans Saints

Hillware alleges that the NFL and the New Orleans Saints together engaged in sex and race discrimination when she was terminated from her employment with the New Orleans Saints. Hillware assumes that the NFL and the New Orleans Saints are the same organization. They are not. In her transfer order, Judge Preska noted that the NFL and the New Orleans Saints are two separate entities, and Hillware does not allege that the NFL has any authority to engage in employment practices on behalf of the New Orleans Saints. Thus, Hillware has failed to state a claim for sex or race discrimination against the NFL with respect to her termination from the New Orleans Saints.

#### b. Failure to Hire

Hillware also attempts to allege that the NFL failed to hire her due to her sex and race. To establish a claim for discriminatory failure to hire, a plaintiff must demonstrate that: (1) she was in the protected class; (2) she applied for and was qualified for the position sought; (3) she was not selected; and, (4) after her rejection, another applicant not from the protected class was hired. Haas v. Advo Sys., Inc., 168 F.3d 732, 733 (5th Cir. 1999). Hillware, an African-American woman, has alleged that she is a member of two protected classes. She has not alleged that she applied for any specific position with the NFL, or that any such position was filled by an individual not from her

protected classes. Therefore, she has not stated a claim for failure to hire against the NFL. The NFL's motion to dismiss is GRANTED.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motions Compel Arbitration filed by defendants, Tom Benson, Dennis Lauscha, Vicky Neumeyer, Michael Stanfield, and Derek Henderson (Docs. #20 & 25), are **GRANTED** as unopposed, and plaintiff is ordered to submit her claims against them to binding arbitration. This matter is hereby **STAYED** and **ADMINISTRATIVELY CLOSED** pending the arbitration.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by defendants, the National Football League, Roger Goodell and Jay Bauman (Doc. #26) is **GRANTED**, and plaintiff's claims against them are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Arbitration of her claims against the National Football League, Roger Goodell and Jay Bauman (Doc. #30) is **DISMISSED AS MOOT**.

New Orleans, Louisiana, this 13th day of May, 2015.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**