UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LORETTA HILLWARE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-2964 c/w 15-1025** |
| **NEW ORLEANS SAINTS, ET AL.** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Loretta Hillware's Motion for Leave to Reconsider for Appeal, which the court construed as a Motion to Vacate the Arbitration Judgment (Doc. #39) is **DENIED**.

**IT IS FURTHER ORDERED** that Loretta Hillware's Motion for Summary Judgment (Doc. #45) is **DENIED**.

**IT IS FURTHER ORDERED** that Loretta Hillware's Motion for Leave to Proceed *In Forma Pauperis* (Doc. #40) is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Confirm Arbitration Award, and Motion to Dismiss Case with Prejudice (Doc. #43) is **GRANTED**.[1]

### BACKGROUND

This matter is before the court on plaintiff's motions to vacate the arbitration award and for summary judgment and the defendants' motion to confirm the arbitration award.

Plaintiff, Loretta Hillware, proceeding pro se,[2] filed this action against the NFL, Roger Goodell, Jay Bauman, Tom Benson, Vicky Neummeyer, Michael Stanfield, and Derek Henderson

---

[1] Defendants also moved to lift stay and reopen case. That part of the motion is rendered moot by this order dismissing the case with prejudice.

[2] Because plaintiff is proceeding pro se, the court must construe her pleadings liberally. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). However, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

in the United States District Court for the Southern District of New York. After reviewing Hillware's complaint, Chief United States District Judge Loretta A. Preska determined that Hillware alleged "that her former employer, the New Orleans Saints Football Club . . ., subjected her to discrimination on the basis of her sex[,]" and the court construed Hillware's "claims as arising under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17." On December 11, 2014, the court transferred Hillware's suit to the United States District Court for the Eastern District of Louisiana, and it was assigned Civil Action Number 14-2964.  Thereafter, Hillware filed an amended complaint.

On November 12, 2014, Hillware filed an identical action in the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana, and then filed the same amended complaint in that action. The only difference is in the two proceedings is that she named the New Orleans Saints as a defendant in the state court action and not in the federal court action. On April 2, 2015, New Orleans Louisiana Saints, LLC removed the state court action to the United States District Court for the Eastern District of Louisiana. It was assigned Civil Action Number 15-1025. The two actions were consolidated.

The NFL, Goodell and Bauman moved to dismiss Hillware's claims against them. Hillware did not oppose the motion, and the court dismissed Hillware's claims against the NFL, Goodell and Bauman.  Tom Benson, Dennis Lauscha, Vicky Neumeyer, Michael Stanfield, and Derek Henderson moved to compel arbitration of Hillware's claims against them. Hillware did not oppose the motion, and the court ordered Hillware to submit her claims against Benson, Lauscha,

Neumeyer, Stanfield and Henderson to binding arbitration. Thereafter, Hillware arbitrated her claims against the Saints, Benson, Lauscha, Neumeyer, Stanfield and Henderson.

On March 16, 2016, defendants filed a motion for summary judgment before the arbitrator. On April 14, 2016, the arbitrator issued a Background, Opinion, Findings and Award granting defendants' motion for summary judgment and dismissing Hillware's claims. The arbitrator construed Hillware's submissions as stating the following claims: gender and race discrimination in termination and failure to hire under Title VII and Louisiana law; discrimination in termination and failure to hire under the Americans with Disabilities Act due to her status as a domestic violence victim; intentional infliction of emotional distress; and, defamation. The arbitrator found that Hillware's Title VII and ADA claims were barred by her failure to exhaust her administrative remedies,[3] and that her Louisiana law discrimination, intentional infliction of emotional distress and defamation claims were prescribed. Further, the arbitrator found that Hillware could not prevail on the merits of her claims.

On May 9, 2016, Hillware filed the instant motion to vacate the arbitration award. Hillware argues that the arbitrator exceeded his authority by refusing "to 'waive the statute of limitations' even [though] the New Orleans Saints hired a white man that worked in a similar capacity during the same years that the Plaintiff worked there, both at the Saints Facility and at the Superdome location." Hillware argues that the arbitration agreement required the defendants to waive the statute of

---

[3] Under Title VII and the ADA, the plaintiff must file a Charge of Discrimination with the Equal Employment Opportunity Commission or an appropriate state or local agency as a prerequisite to filing suit. Price v. Choctaw Glove & Safety Co., Inc., 459 F.3d 595, 598 (5th Cir. 2006); Dao v. Auchan Hypermarket, 96 F.3d 787, 789 (5th Cir. 1996). Hillware did not comply. Further, all of Hillware's Louisiana state law claims are subject to one-year prescriptive periods. La. Rev. Stat. § 23:303(D); La. Civ. Code art. 3492. The arbitrator found that Hillware's employment with the Saints terminated in 2005, and that she has not applied for a position with the Saints since June 12, 2013. Hillware filed suit on November 7, 2014. Thus, her Louisiana law claims are prescribed.

limitations defense. Hillware also filed a motion for summary judgment in which she "seeks to extend the Statute of Limitations on the employment agreement which prevented her from being a verdict that gave her an award of any amount, although $20,000,000 is sought." Defendants oppose Hillware's motions to vacate and for summary judgment, and seek confirmation of the arbitration award arguing that Hillware has not proved any of the Federal Arbitration Act's ("FAA") grounds upon which a court can vacate an arbitration award.

## ANALYSIS

Because the FAA reflects a strong federal policy favoring arbitration, "'[j]udicial review of an arbitration award is extraordinarily narrow.'" Rain CII Carbon, LLC v. ConocoPhillips Co., 674 F.3d 469, 472 (5th Cir. 2012) (quoting Brook v. Peak Int'l, Ltd., 294 F.3d 668, 672 (5th Cir. 2002)). An arbitration "award may not be set aside for a mere mistake of fact or law." Id. (quotation omitted). Section 10 of the FAA enumerates the exclusive grounds upon which a reviewing court may vacate an arbitrative award. Id. (quoting Brook, 294 F.3d at 672).

Under subsection 10(a)(4), a court may vacate the award "where the arbitrator[] exceed [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).[4] "Arbitration is a matter of contract." Brook, 294 F.3d at 668. Thus, "the power and authority of arbitrators in an arbitration proceeding is dependent on the provisions under which the arbitrators were appointed." Id. "'It is well-established

---

[4] Section 10 provides three other grounds upon which an arbitration award may be vacated: (1) where the award was procured by corruption, fraud or undue means; (2) where there was evident partiality or corruption in the arbitrators; and, (3) where the arbitrators were guilty of misconduct in refusing the postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of the any party have been prejudiced. 9 U.S.C. § 10(a)(1)-(3). Hillware does not state anything in her motion to vacate that implicates these provisions, thus they are not applicable in this case.

that courts may set aside awards when the arbitrator exceeds his contractual mandate by acting contrary to express contractual provisions.'" PoolRe Ins. Corp. v. Organizational Strategies, Inc., 783 F.3d 256, 262 (5th Cir. 2015) (quoting Beaird Indus., Inc. v. Local 2297, Int'l Union, 402 F.3d 942, 946 (5th Cir. 2005)).

In 2001, when Hillware began working for the Saints, she signed an arbitration agreement which provides:

> Any claims, disputes, or controversies arising out of, in connection with, or incidental to, and/or directly resulting from my application or candidacy for employment, my employment, and/or my cessation of employment with the New Orleans Louisiana Saints, shall be settled by binding arbitration, which shall be the sole and exclusive procedure for resolution of any such dispute. Such claims include, but are not limited to, controversies or disputes resulting from: job application procedures, decisions regarding hiring, advancement, discharge, compensation, job assignments or job training; incidents of harassment, or any other terms, conditions and privileges of employment governed by the Americans with Disabilities Act of 1990 (ADA), the Civil Rights Act of 1963 (Title VII) and as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Age Discrimination in Employment Act (ADEA), and the Family Medical Leave Act (FMLA), any other state or federal employment or anti-discrimination statutes, the law of contract, and/or the law of tort.
>
> The parties to this agreement jointly agree that the arbitrators' award will be final and binding on all parties. The parties jointly agree that arbitration hearings shall proceed before the American Arbitration Association and in accordance with the procedural and due process rules of the American Arbitration Association. The substantive laws of the state of Louisiana, including the conflict of interest provisions, shall govern as to the merits of the dispute. The arbitrator[s] shall be empowered to enter a judgment of damages in accordance with any federal or state statute. Judgment on the award rendered by the arbitrators may be entered by any court having jurisdiction thereof.

The arbitration clause is very broad. It provides that "[a]ny claims, disputes, or controversies arising out of, in connection with, or incidental to, and/or directly resulting from" Hillware's

employment, from her initial application until her cessation of working for the Saints, is subject to arbitration. Moreover, the arbitration clause specifically states that claims under Title VII, the ADA and state discrimination and tort laws are subject to arbitration. Those are precisely the claims Hillware raised. There is no evidence that the defendants agreed to waive the statute of limitations defense in the arbitration agreement.[5] Thus, the arbitrator acted within his authority in ruling on Hillware's employment related claims. Hillware's motions to vacate the arbitration award and for summary judgment are DENIED, and defendants' motion to confirm the arbitration award is GRANTED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Loretta Hillware's Motion for Leave to Reconsider for Appeal, which the court construed as a Motion to Vacate the Arbitration Judgment (Doc. #39) is **DENIED**.

**IT IS FURTHER ORDERED** that Loretta Hillware's Motion for Summary Judgment (Doc. #45) is **DENIED**.

**IT IS FURTHER ORDERED** that Loretta Hillware's Motion for Leave to Proceed *In Forma Pauperis* (Doc. #40) is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Confirm Arbitration Award, and Motion to Dismiss Case with Prejudice (Doc. #43) is **GRANTED**.

---

[5] Hillware does not argue that the arbitrator improperly applied the limitations periods.

New Orleans, Louisiana, this  22nd  day of July, 2016.

_____
 **MARY ANN VIAL LEMMON
 UNITED STATES DISTRICT JUDGE**